

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KOREAN AMERICAN ASSOCIATION OF
GREATER NEW YORK, INC.,

                              Plaintiff,

              – against –

MINSUN KIM,

                              Defendant.

Index No.

**COMPLAINT**

Plaintiff Korean American Association of Greater New York, Inc. ("KAAGNY" or the

"Association"), by and through its attorneys, Steptoe & Johnson LLP, for its complaint against

Defendant Minsun Kim ("Kim") alleges as follows:

**NATURE OF THE ACTION**

        1.      This lawsuit arises from the defendant's deliberate and deceptive use of a

not-for-profit civic association's name, trademarks, logo, email address, and official insignia to

confuse and deceive the members of the association and the general public into believing that she

is the actual President of the civic association and to draw away membership fees, contributions,

and interest from the true officers and directors of the organization and to direct such money and

attention to her own personal parallel *ersatz* organization.

**THE PARTIES**

        2.      Plaintiff KAAGNY is a not-for-profit corporation organized and incorporated

under the laws of the State of New York.  KAAGNY has its headquarters and principal place of

business located at 149 West 24th Street in the County of New York.

3.      Defendant Kim is an individual who resides at 5 Stone Hill Drive, Manhasset, New York 11030.  Defendant also operates the Long Island Conservatory of Music, located at 1125 Willis Avenue, Albertson, New York 11507.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because plaintiff asserts claims under the Lanham Act, 15 U.S.C. § 1125(a); and the Court has supplemental jurisdiction over the state law and common law claims asserted herein pursuant to 28 U.C.S. § 1367.

5.      Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because a substantial part of the events occurred here, namely the advertisement and use by defendant of plaintiff's name, trademarks, insignia, and other property in this district.

## BACKGROUND FACTS

6.      Over more than four decades, KAAGNY has established itself as a well-regarded not-for-profit civic organization whose mission is to represent the rights and interests of Korean Americans in the metropolitan New York, New Jersey, Connecticut region.  KAAGNY assists Korean-American immigrants to assimilate and integrate into the United States, and provides a common network for the Korean-American community throughout the tri-state area.  Among other activities, KAAGNY coordinates and organizes community, educational and cultural activities, and provides social services to hundreds of thousands of Korean Americans. KAAGNY also serves as an umbrella organization for over two hundred Korean-American professional, regional, educational, religious, and trade organizations that work on behalf of Korean Americans.

7.      Since 1960, KAAGNY has used a logo portraying a silhouette of the Statute of

Liberty against an American flag background, encircled with the words "The Korean-American

Association of Greater New York." This symbol accompanies official KAAGNY

announcements, statements, and literature and is prominently displayed on the official

KAAGNY website. The logo appears below, as it is used by KAAGNY:



8.      It is no accident that KAAGNY's name and official symbol have become

synonymous with its esteemed reputation and role in the community. KAAGNY has invested

substantial time and resources in developing a strong association between its mission, its name,

and its logo. Because of such efforts and continual use over many years, the insignia has become

universally associated with KAAGNY and immediately recognized by its members and the

Korean-American community at large. It is assumed that anything bearing the KAAGNY name

and logo represents the official position of the Association.

9.      KAAGNY is governed by a President who serves for a two-year term, beginning

on May 1st of odd-numbered years and ending on April 30th of the following odd-numbered year.

Sung Ki Min ("President Min") was elected as the 33rd President of KAAGNY in March 2013

for a two-year term ending on April 30, 2015.

10.     In February 2015, KAAGNY was conducting an election for the 34th President of

KAAGNY. Two persons had registered as candidates for election: defendant Kim and the

incumbent, President Min.

11.     On or about February 20, 2015, the Election Administration Committee ("EAC") of KAAGNY, whose function was to conduct and oversee the election process, disqualified Kim as a candidate for President because of violations of the KAAGNY election rules prohibiting candidates from engaging in pre-election campaigning.  Under the KAAGNY election rules, candidates were strictly prohibited from campaigning other than in the two-week period from February 21 – March 8, when voting was to occur.

12.     President Min was reelected as the 34th President of KAAGNY on March 8, 2015.

13.     Kim and her supporters objected to her disqualification and tried to stop the election and overturn the decision of the EAC.  Kim and her supporters unsuccessfully sought restraining orders from several New York Supreme Courts and complained loudly to the press.

14.     Unsuccessful in their legal efforts, Kim and her cohorts decided to take matters into their own hands.  Beginning in March 2015, Kim and a retinue of sycophants and factotum have staged a number of publicity events purporting to "impeach" President Min and to "elect" Kim as the 34th President of KAAGNY.

15.     None of these actions was authorized or proper under KAAGNY's By-Laws.

16.     Defendant Kim is not an officer, director, employee, or representative of KAAGNY, and no Court has found her to have any such title or position at KAAGNY.

17.     Furthermore, Kim has no authority to act for or represent KAAGNY in any official or unofficial capacity.

18.      Shortly after her disqualification, Kim began holding herself out as the rightful President of KAAGNY and announcing her Presidency to the Association's membership, the Korean-American community, and to the media.

19.     For example, on April 26, 2015, Kim announced to an audience of members of the Korean-American community in Flushing, Queens that something called the "KAAGNY Normalization Committee" had officiated her election as President of KAAGNY and purported to issue her a "certificate of election."  Prominently displayed at the ceremony was a large banner bearing the official KAAGNY name and emblem, and purporting to proclaim Kim the 34th President of the Association:



20.     Kim has purported to conduct KAAGNY business, and continues to purport to conduct KAAGNY business, using the moniker:  "Office of KAAGNY."  In her correspondence, Kim holds herself out as the "34th President of KAAGNY."

21.     Kim has used and continues to use the email address "34nykorean@gmail.com" for her "official" correspondence, which email address is confusingly similar to the official email address used by the actual KAAGNY organization, which is "office@nykorean.org".

22.     For example, on April 28, 2015, Kim sent an email notice to the public

announcing the following (translated from the original Korean):

> April 28, 2015
> From:  Office of KAAGNY
> Dear Korean Americans,
> How are you doing?
> Many people are reported killed and injured in the earthquake in Nepal.
> Far from daily necessities, supports for medical treatment are needed urgently.
> Minsun Kim, the president of KAAGNY, is deciding to participate in the fund-raising broadcast
> on Radio Korea 1660 from 10:30 AM to 11:30 AM today.
> Please call to the fund-raising broadcast in order to help the victims of Nepal's earthquake and
> send encouragement and comfort messages.
> The phone number is 718-225-1660
> Minsun Kim, the 34th President of the Korean American Association of Greater New York

23.     Defendant's deliberate use of the KAAGNY name, email address, and official

symbols has given the false impression that KAAGNY had approved or authorized her actions,

and that the KAAGNY organization itself recognizes her as its President.  By falsely

representing to the public that she has an association with or formally represents KAAGNY, Kim

has taken unfair advantage of the reputation and prestige that KAAGNY has established over

several decades.

24.     Defendant Kim's actions have had an immediate and widespread effect.  The

Korean-American community has been misled into believing that Kim represents KAAGNY and

is in fact it's duly elected President.  Reports of confusion among KAAGNY membership and

the broader Korean-American community have come to KAAGNY's attention with increasing

frequency since March 2015 when Kim started using the KAAGNY name, title, logo,

trademarks, and other property.

25.     Kim has used KAAGNY's name, title, logo, and trade-dress to solicit donations

from the public, including on a local radio station on behalf of the Nepal earthquake victims.

26.     Upon information and belief, Kim has received contributions from members of

the public under the mistaken belief that such persons were contributing to KAAGNY.  Instead,

these contributions were collected by Kim and her cohorts and used for their personal use and enjoyment.

27.     Upon information and belief, other members of the public have refrained from giving money to KAAGNY because Kim's actions have confused the public and made it difficult for them to determine who represents the actual KAAGNY organization.

28.     Kim has deliberately frustrated and continues to frustrate efforts of the KAAGNY officers and directors to carry on KAAGNY business by, among other things, attaching the KAAGNY name and logo to her personal *ersatz* KAAGNY organization and thereby creating uncertainty within the public as to who actually represents the official KAAGNY.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF SECTION 43(a) OF THE LANHAM ACT)**

29.     KAAGNY re-alleges and incorporates by reference paragraphs 1 through 28 of this Complaint as if stated herein KAAGNY.

30.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits, *inter alia*, false or misleading descriptions or representations of fact, or false or misleading use of a word, term, name, symbol, or any combination thereof which is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of such person with another person or entity, or which is likely to cause confusion, mistake, or deception as to the origin, source, sponsorship or approval of such goods.

31.     Kim has falsely and misleadingly represented in interstate commerce that she holds the title of President of KAAGNY and is authorized to act on its behalf, and has used KAAGNY's official name as well as its official symbol without authorization to create this false and misleading perception.

32.     Kim also has repeatedly made false and misleading statements about KAAGNY, KAAGNY's officers, and defendant's role within KAAGNY.  Kim's false and misleading statements include her public pronouncements that President Min had been validly impeached and that she has succeeded him as the rightful President of the Association.

33.     Kim knew or should have known that these statements were false and misleading, and she made them with the intent of influencing KAAGNY's members, the Korean-American community at large, donors or potential donors to KAAGNY, and other members of the public.

34.     Kim's misrepresentations are likely to cause confusion or mistake or to deceive the public as to defendant's actual affiliation or connection with KAAGNY, which is none.

35.     Kim's use of KAAGNY's name and symbol also is likely to cause confusion or to deceive the public as to KAAGNY's sponsorship or approval of defendant as President of KAAGNY, and her actions purportedly taken pursuant to her authority as President.

36.     Kim's misrepresentations and her unauthorized use of KAAGNY's name and symbol had and have a tendency to deceive a substantial portion of the intended audience, and have in fact resulted in actual deception of a substantial portion of the intended audience.

37.     As a direct and proximate result of Kim's violation of the Lanham Act, KAAGNY has been damaged in an amount to be proved at trial.

38.     Unless enjoined by this Court, defendant's continued wrongful acts will cause KAAGNY irreparable harm for which there is no adequate remedy at law.

## SECOND CAUSE OF ACTION
### (UNFAIR COMPETITION)

39.     KAAGNY re-alleges and incorporates by reference paragraphs 1 through 38 of this Complaint as if stated herein.

40.     KAAGNY owns the right and interest in the nonfunctional trade-dress of its KAAGNY name and logo.  It has continually used the name and symbol in commerce in connection with advertising and promotion for the purpose of serving the Korean-American community in the tri-state area.

41.     Defendant has infringed KAAGNY's rights by using the KAAGNY name, symbol and/or trade-dress in interstate commerce without the authorization or consent of KAAGNY.  Defendant is aware that her use of the KAAGNY name and symbol has caused, and is continuing to cause, confusion but has failed to correct such confusion.

42.     Defendant's unauthorized use of the KAAGNY name and symbol constitutes use of a false designation of origin or a false representation that wrongly and falsely designates the services being offered by Defendant as originating from, being connected with, or otherwise being authorized by KAAGNY.

43.     As a direct and proximate result of Kim's violation of the Lanham Act, KAAGNY has been damaged in an amount to be proved at trial.

44.     Unless enjoined by this Court, defendant's continued wrongful acts will cause KAAGNY irreparable harm for which there is no adequate remedy at law.

### THIRD CAUSE OF ACTION
### (NEW YORK DECEPTIVE TRADE PRACTICES LAW)

45.     KAAGNY re-alleges and incorporates by reference paragraphs 1 through 44 of this Complaint as if stated herein.

46.     New York General Business Law § 349 creates a private cause of action for deceptive acts or practices in the conduct of any business, trade, or commerce.

47.     KAAGNY has exclusive rights and interest in the name "Korean American Association of Greater New York" and "KAAGNY," as well as in the official symbol used by and widely associated with KAAGNY.

48.     Kim has used KAAGNY's official name as well as its official symbol to create the false and misleading perception that Kim holds the title of President of the Association, and that she officially represents KAAGNY in that capacity.

49.     Defendant has infringed, and continues to infringe, KAAGNY's rights to sole use of its name and its official symbol by using the name and the symbol without the authorization or consent of KAAGNY.

50.     Kim has falsely and misleadingly represented in interstate commerce that she holds the title of President of KAAGNY and is authorized to act on its behalf, and has used KAAGNY's official name as well as its official symbol without authorization to create this false and misleading perception.

51.     Kim also has repeatedly made false and misleading statements about KAAGNY, KAAGNY's officers, and defendant's role within KAAGNY. Kim's false and misleading statements include her public pronouncements that President Min had been validly impeached and that she has succeeded him as the rightful 34th President of the Association.

52.     Kim knew or should have known that these statements were false and misleading, and made them with the intent of influencing KAAGNY's members, the Korean-American community, donors or potential donors to KAAGNY, and other members of the public.

53.     Kim's misrepresentations are likely to cause confusion or mistake or to deceive the public as to Defendant's affiliation or connection with KAAGNY.  Kim's use of KAAGNY's name and symbol also is likely to cause confusion or to deceive the public as to KAAGNY's sponsorship or approval of defendant as President of KAAGNY, and her actions purportedly taken pursuant to her authority as President.

54.     Kim's misrepresentations and her unauthorized use of KAAGNY's name and symbol had and have a tendency to deceive a substantial portion of the intended audience, and have in fact resulted in actual deception of a substantial portion of the intended audience.

55.     As a direct and proximate result of Kim's violation of New York General Business Law § 349, KAAGNY has been damaged in an amount to be proved at trial.

56.     Unless restrained, defendant's continued infringement of KAAGNY's rights will cause KAAGNY irreparable harm for which there is no adequate remedy at law.

### FOURTH CAUSE OF ACTION
### (TRADEMARK INFRINGEMENT UNDER COMMON LAW)

57.     KAAGNY re-alleges and incorporates by reference paragraphs 1 through 56 of this Complaint as if stated herein.

58.     By the acts described above, defendant has engaged in trademark infringement in violation of the common law of the State of New York.

59.     Defendant's acts have caused, and will continue to cause, irreparable injury to KAAGNY.  KAAGNY has no adequate remedy at law and is thus damaged in an amount not yet determined.

## FIFTH CAUSE OF ACTION
### (UNFAIR COMPETITION UNDER COMMON LAW)

60.     KAAGNY re-alleges and incorporates by reference paragraphs 1 through 59 of this Complaint as if stated herein.

61.     By the acts described above, defendant has engaged in unfair competition in violation of the common law of the State of New York.

62.     Defendant's acts have caused, and will continue to cause, irreparable injury to KAAGNY.  KAAGNY has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SIXTH CAUSE OF ACTION
### (UNJUST ENRICHMENT)

63.     KAAGNY re-alleges and incorporates by reference paragraphs 1 through 62 of this Complaint as if stated herein.

64.     Upon information and belief, defendant knew or should have known that she and her supporters received monies donated to defendant from donors who intended to donate to KAAGNY, for which KAAGNY received no benefit and to which defendant was not entitled.

65.     Defendant has retained possession of the monies donated by donors who intended to donate to KAAGNY.

66.     By reason of these misdirected donations, defendant has been unjustly enriched at the expense of KAAGNY.  Defendant has received such misdirected donations under circumstances in which it would be unjust for defendant to retain them.

67.     Because of defendant's receipt of misdirected donations as set forth in this claim for relief, KAAGNY has suffered actual damages.  Defendant should be ordered to pay KAAGNY the amount of the misdirected donations, in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
### (ACCOUNTING)

68.     KAAGNY re-alleges and incorporates by reference paragraphs 1 through 67 of this Complaint as if stated herein.

69.     Upon information and belief, defendant converted monies donated to defendant from donors who intended to donate to KAAGNY.

70.     The amount of misdirected donations is unknown to KAAGNY and cannot be ascertained without an accounting.

71.     KAAGNY is entitled therefore to a full and complete accounting from defendant of all monies, in any form, or anything else of value donated to defendant by donors who intended to donate to KAAGNY previously or currently in the possession, custody or control of defendant, or individuals or entities associated with defendant.

72.     Upon information and belief, without an accounting, KAAGNY is suffering and will continue to suffer actual and irreparable harm as a result of defendant's conversion of all monies donated to defendant by donors who intended to donate to KAAGNY.


## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff KAAGNY demands a trial by jury of all issues triable thereby.

- 13 -

### REQUEST FOR RELIEF

**WHEREFORE**, plaintiff Korean American Association of Greater New York, Inc. prays

for the following relief:

A.     Judgment that defendant Minsun Kim:

   i.    has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

   ii.   has engaged in deceptive acts and practices in violation of New York
         General Business Law § 349;

   iii.  has engaged in trademark infringement under the common law of the State
         of New York;

   iv.   has engaged in unfair competition and false advertising under the common
         law of the State of New York; and

   v.    has been unjustly enriched by her deceptive and unfair acts.

B.     An injunction permanently enjoining defendant from her continuing actions in

violation of the Lanham Act, New York state statutory and common laws, and any other

applicable laws.

C.     An award of compensatory damages against defendant for violations of the

Lanham Act and New York state laws, in amounts to be determined at trial by a jury, together

with pre-judgment interest at the maximum rate allowable by law.

D.     An order trebling KAAGNY's damages pursuant to the Lanham Act and to New

York General Business Law § 349.

E.     An award of punitive damages to the full extent available under the law.

F.     An award of attorneys' fees and other costs incurred by reason of defendant's

illegal and wilful conduct and in connection with the enforcement of and protection of

KAAGNY's rights in this action, to the full extent available under the law.

- 14 -

G.     An award of such other and further relief, in law and equity, as this Court deems just and proper.

Dated:   New York, New York
         April 30, 2015

STEPTOE & JOHNSON LLP

John D. Lovi (JL-5928)
Raisa Michaleck
The Grace Building
1114 Avenue of the Americas
New York, NY 10036
Tel:  (212) 506-3900
Fax:  (212) 506-3950

– and –

Hojin Seo (HS-2378)
DERYOOK & AJU LAW FIRM
154-08 Northern Blvd., Suite 2C
Flushing, NY 11354
Tel:  (718) 939-3232
Fax:  (718) 939-3266

*Counsel for Plaintiff*